**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-60101

JESSE EMMIT RUPERT AND MARJORIE A. RUPERT,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from a Decision of the United States Tax Court

January 9, 2003

Before BENAVIDES and DENNIS, Circuit Judges, and WALTER, District Judge.[*]

PER CURIAM.[**]

In this appeal, plaintiffs-appellants ("Taxpayers") argue that the Tax Court clearly erred in determining that (1) Taxpayers were not entitled to deduct, as business expenses, legal expenses incurred by their daughter, but paid for by Taxpayers, in her domestic relations litigation; (2) Taxpayers were entitled to a depreciation deduction on their mobile home but the depreciation was to take place over a longer tax life than that used by Taxpayers; and (3) Taxpayers were liable for the

---

[*]District Judge for the Western District of Louisiana sitting by designation.

[**]Pursuant to Fifth Circuit Rule 47-5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47-5.4.

accuracy-related penalty in I.R.C. §6662(a) with regard to the portion of the underpayment attributable to Taxpayers' claim of the deduction for legal and professional fees.

After carefully considering the briefs and the positions advanced at oral argument, it is clear that the record reflects that Taxpayers' daughter's legal expenses incurred as a result of divorce proceedings were not ordinary and necessary business expenses attributable to Mr. Rupert's engineering consulting business. Thus, these expenses were not deductible. Furthermore, for the reasons stated by the Tax Court, it was correct to impose an accuracy-related penalty for deduction of these expenses.

Finally, the record is clear that Taxpayers' mobile home was not placed in service as rental property until 1991. Thus, the Tax Court was correct in finding that Taxpayers were entitled to a 27.5-year depreciation deduction under the modified accelerated cost recover system for their mobile home, rather than the 10-year depreciation deduction available for rental property placed in service on or before December 31, 1986 claimed by Taxpayers. Tax Reform Act of 1986 ("TRA"), §203(a)(1)(A); Treas. Reg. §§ 1.167(a)-10(b) and 1.167(a)-11(e)(1)(i); Treas. Reg. §1.167(a)-11(e)(1)(i); Treas. Reg. §1.46-3(d)(1)(ii).

Accordingly, the Tax Court did not err in its findings. We therefore **AFFIRM** the judgment of the Tax Court.